**In re: PPG INDUSTRIES, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION.**

**MDL No. 2148.**

United States Judicial Panel on Multidistrict Litigation.

April 1, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER *, Judges of the Panel.

* Judges Miller and Trager took no part in the disposition of this matter.

1. As filed, the Section 1407 motion encompassed a fourth action, then pending in the Western District of Washington. That action, however, has since been remanded to state court.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendants PPG Industries, Inc., and PPG Architectural Finishes, Inc. (collectively PPG) have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of Kansas. This litigation currently consists of one action in that district, one action in the Western District of Pennsylvania, and one action in the Eastern District of Tennessee, as listed on Schedule A.[1]

Plaintiffs in the District of Kansas, Western District of Pennsylvania, and Eastern District of Tennessee actions oppose centralization. If the Panel orders centralization over their objections, then plaintiffs in the action pending in the Western District of Pennsylvania ask that the Panel select that district as transferee district.

On the basis of the papers filed and hearing session held, we will deny the motion for centralization. These three actions do share allegations that PPG failed to pay its Territory Managers overtime wages in violation of the Fair Labor Standards Act, and the actions will likely involve some common discovery into PPG's policies and procedures with respect to the duties and responsibilities of its Territory Managers. As PPG acknowledges, however, only a handful of individuals were responsible for creating and disseminating the vast majority of those policies and procedures.[2] Moreover, there are only three actions in this docket. Only two are brought as collective actions, and two of

2. At oral argument, counsel for the Western District of Pennsylvania plaintiffs stated that all plaintiffs had agreed to coordinate the taking of depositions to avoid redundancy.

the actions also involve retaliation claims that will almost certainly require individualized analysis and adjudication. Given these circumstances, PPG has failed to persuade us that the common factual issues that these actions present are sufficiently complex and/or numerous to warrant Section 1407 transfer at the present time. Available alternatives to centralization may minimize whatever possibilities might arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

### SCHEDULE A

MDL No. 2148 — **IN RE: PPG INDUSTRIES, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**

*District of Kansas*
*Stephen J. Duarte v. PPG Industries, Inc.,* C.A. No. 6:09–1366

*Western District of Pennsylvania*
*Sue Ann Syemour, et al. v. PPG Industries, Inc.,* C.A. No. 2:09–1707

*Eastern District of Tennessee*
*Karen Stage v. PPG Industries, Inc.,* et al., C.A. No. 1:10–5